UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

K. PAZHANI,

                        Plaintiff,

        -against-

INFOSYS AMERICAS, *et al.*,

                        Defendants.

20cv06406 (VEC) (DF)

**ORDER OF SERVICE**

**DEBRA FREEMAN, United States Magistrate Judge:**

Plaintiff K. Pazhani ("Plaintiff") is proceeding in this case *pro se* and *in forma pauperis* ("IFP"). (*See* Dkt. 6.) On September 3, 2020, the Honorable Valerie Caproni, to whom this case is assigned, issued an Order of Service (Dkt. 8), directing the Clerk of Court to fill out a U.S. Marshals Service Receipt and Return form ("USM-285 form") for certain defendants named in the Complaint, to issue Summonses, and to deliver to the Marshals Service all paperwork necessary for the Marshals Service to effect service upon those defendants, by an extended deadline set by the Court. Judge Caproni's Order, however, also granted Plaintiff 30 days to file an amended complaint (*see id.*), and this Court (upon a reference by Judge Caproni for general pretrial supervision (Dkt. 9)) then extended Plaintiff's time to amend (*see* Dkt. 13). On September 28, 2020, Plaintiff timely filed a First Amended Complaint (the "Amended Complaint") (Dkt. 14), and, by letter, requested the assistance of the Marshals Service to serve all defendants (*see* Dkt. 15) – including several whom he had named for the first time in his amended pleading. On October 19, 2020, Plaintiff then filed a motion (Dkt. 18), seeking an additional 90 days to serve the First Amendment Complaint, beyond the extended time for service previously granted by Judge Caproni.

Although the Marshals Service apparently served the Summons and original Complaint on one defendant (defendant Next Level Business Service, Inc. ("Next Level") (*see* Dkt. 19)), which has now appeared and agreed to respond to the Amended Complaint by January 15, 2021 (*see* Dkt. 22 (memo endorsing Stipulation extending Next Level's time to respond)), the Docket for this action does not reflect that the Marshals Service completed service on any other defendant. According, it is hereby ORDERED as follows:

1. As Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the Marshals Service to effect service on the newly identified defendants. *See Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P 4(c)(3) (providing that the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

2. Plaintiff has requested the assistance of the Marshals Service in effecting service, but has not provided the Court with service addresses for the defendants who have not yet been served (which would include all defendants except for Next Level). No later than January 4, 2021, Plaintiff is therefore directed to provide to the Clerk of Court, via the *Pro Se* Office, a list of those addresses, to the extent known. Once those addresses are received, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of the defendants whose addresses have been provided by Plaintiff or for whom the Clerk of Court can otherwise readily obtain addresses through publicly available sources. The Clerk of Court is further instructed to issue an Amended Summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the

Amended Summons and Amended Complaint upon each of the defendants (other than Next Level) whose address can be ascertained.

3. Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the Summons and Complaint be served within 90 days of the date the Complaint is filed, the Court may extend that time, where circumstances so warrant. Here, as Plaintiff has promptly amended his pleading in response to a Court Order, and as it appears that service has not already been made on all of the originally named defendants, this Court will extend the time to serve any of the remaining original defendants, as well as the newly named defendants, to 90 days after an Amended Summons is issued. If the Amended Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

Dated: New York, New York
       December 18, 2020

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Plaintiff (via ECF)

Counsel for defendant Next Level Business Service, Inc. (via ECF)